IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-WR-65,039-01






EX PARTE RONALD DAVID FAISON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 909670 IN THE 248TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. 

 Applicant filed a pro se notice of appeal, and his appointed appellate counsel filed an
Anders brief, in which he concluded that the appeal was wholly frivolous and without merit. The
Fourteenth Court of Appeals noted that although Applicant was advised of his right to examine the
appellate record and file a pro se response, no such response was filed. The court of appeals
affirmed his conviction. Faison v. State, No. 14-02-00575-CR (Tex. App. - Houston [14th] delivered
March 27, 2003, no pet.)

 Applicant contends that he was denied his right to appeal this conviction, because he was
denied access to the appellate record in order to prepare his pro se response. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may resolve those issues
as set out in Article 11.07, Section 3(d) of the Texas Code of Criminal Procedure, in that it may
order affidavits from appellate counsel and from the clerk of the court of appeals. The trial court
may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may
rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant expressed his desire to
obtain a copy of the appellate record in order to prepare a pro se response to counsel's Anders brief.
If the court finds that Applicant did attempt to obtain the appellate record, the court shall make
findings as to when and how Applicant attempted to obtain the record. The court shall also make
findings as to whether Applicant ever received a copy of the appellate record, and if so when. If
Applicant did not receive a copy of the appellate record, the trial court shall make findings as to why
not. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 26, 2006

Do not publish